*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BAYVIEW LOAN SERVICING LLC, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 17-1796 (FLW) (DEA) |
| | : | |
| v. | : | |
| | : | OPINION |
| | : | |
| REZA FARZAN; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for AMERICAN MORTGAGE NETWORK, INC., | : | |
| | : | |
| Defendants. | : | |

**WOLFSON, United States District Judge:**

Presently before the Court is Plaintiff Bayview Loan Servicing LLC's ("Plaintiff") Motion to Remand this action to the Superior Court of New Jersey, Chancery Division, Monmouth County, as well as Plaintiff's Motion for Attorney's Fees and Costs. This matter arises from a state court foreclosure action in which Plaintiff, the mortgagee, asserted that *pro se* defendant Reza Farzan ("Defendant" or "Farzan"), the mortgagor, defaulted on his mortgage payments.[1] In support of its Motion, Plaintiff argues that remand is proper because: (i) the Court lacks subject matter jurisdiction over this case; and (ii) Defendant failed to timely remove this matter. Plaintiff also maintains that it is entitled to attorney's fees and costs, because Defendant did not have an objectively reasonable basis for removal. For the reasons set forth

---

[1] In the Complaint, Plaintiff also named Mortgage Electronic Registration Systems, Inc. ("MERS") as a defendant, because MERS is the holder of a subordinate mortgage executed by Defendant. Compl. ¶ 5.

1

below, Plaintiff's Motion to Remand is GRANTED, and its Motion for Attorney's Fees and Costs is DENIED.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 12, 2016, Plaintiff filed the initial Complaint for mortgage foreclosure in New Jersey Superior Court, Monmouth County, Chancery Division, naming as defendants Farzan, MERS, and various fictitious parties.[2] *See* Certification of Michael E. Blaine, Esq. ("Blaine Cert."), Ex. A. The Complaint alleges that, on February 14, 2015, Defendant executed a note (the "Note"), which was ultimately assigned to Plaintiff, in the amount of $359,650.00 and secured by real property located in Holmdel, New Jersey. Compl. ¶¶ 7-13. The Complaint alleges, however, that on August 1, 2015, Defendant defaulted by failing to make payments in accordance with the Note and various loan documents. Compl. ¶¶ 21-23. In the Complaint, Plaintiff seeks to foreclose Defendant's interest in the mortgaged property and to obtain immediate possession of the property. Compl. ¶¶ 7-37.

On July 27, 2016, Defendant filed his Answer and asserted fourteen affirmative defenses and various counterclaims in the state court proceeding, including claims asserting consumer fraud, for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. *See* Blaine Cert., Ex. B. On January 27, 2017, Plaintiff filed a motion for summary judgment, which the state court granted on March 3, 2017. *Id.*, Ex. F. Specifically, the state court struck Defendant's Answer, defenses, and counterclaim, and ordered that Plaintiff is entitled to foreclosure and possession of the property. *Id.* On March 17, 2017, two weeks after the state

---

[2] The fictitious parties were subsequently dismissed from the state court action without prejudice. Blaine Cert., Exs. D and E.

court granted summary judgment, Defendant removed this action to federal court. Not. of Removal, ECF No. 1. On April 11, 2017, Plaintiff filed the instant Motion to Remand and Motion for Attorney's Fees and Costs. ECF No. 5. Defendant has opposed those Motions.[3] ECF No. 9.

## DISCUSSION

### I. Motion to Remand

#### A. Legal Standard

The Court begins by reviewing the relevant provisions governing the removal of civil actions from state court to federal district court. Pursuant to 28 U.S.C. § 1441(a),[4] "defendants may generally remove civil actions from state court to federal district court so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014). The removability of a matter is determined from the plaintiff's pleadings at the time of removal. *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951). When the propriety of removal is challenged, the party asserting federal jurisdiction bears the burden of showing that removal is proper. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in

---

[3] In his Opposition, Defendant does respond to any substantive arguments regarding the timeliness of his removal or the appropriateness of attorney's fees. Instead, Defendant attempts to reargue the merits of his state court foreclosure action.

[4] 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

3

federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

Remand is governed by 28 U.S.C. § 1447(c),[5] which provides that removed cases may be remanded: (1) within thirty days of the filing of the notice of removal, if removal was procedurally defective; or (2) at any time before final judgment, if the district court determines that it lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c). Where a plaintiff seeks remand on the basis of a procedural defect in removal, and the case is otherwise removable under § 1441(a), "the plaintiff must identify a provision that prohibits removal." *SmithKline Beecham*, 769 F.3d at 208.

B.  **Subject Matter Jurisdiction**

Here, while Plaintiff does not expressly challenge Defendant's removal on the basis of subject matter jurisdiction, because this Court's jurisdiction is a threshold question, I turn first to the issue of whether Plaintiff's Complaint was originally removable. In his Notice of Removal, Defendant asserts that this matter is removable on the basis of both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332, as well as under the

---

[5]  Section 1447(c) provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c)

Civil Rights Removal Statute, 28 U.S.C. § 1443(1).  Pursuant to § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  For diversity jurisdiction to exist under § 1332, each party must be of diverse citizenship from each other and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *see Grand Union Superm. of the Virgin Isl., Inc., v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

First, the Court finds that it lacks federal question jurisdiction, because Plaintiff's Complaint does not present a question of federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 401 (D.N.J. 2015) ("Because the plaintiff acts as 'master of the claim,' a court looks to the face of a complaint in accordance with the 'well-pleaded complaint' rule in order to determine whether the action rests upon a federal claim."). For that reason, ordinarily, neither defenses nor counterclaims provide the basis for federal question jurisdiction; rather, "federal question jurisdiction [must] be established squarely within the four corners of the [] complaint for removal purposes." *Palmer v. Univ. of Med. and Dentistry of N.J.*, 605 F. Supp. 2d 624, 633 (D.N.J. Mar. 27, 2009); *see, e.g.*, *Hudson City Sav. Bank, FSB v. Barrow*, No. 16-4190, 2017 WL 701381, at *1 (D.N.J. Feb. 22, 2017) (finding that the "[defendant's] citation of federal causes of action as counterclaims does not create federal-question jurisdiction."). Here, Plaintiff's Complaint relies exclusively upon state law in asserting a cause of action to foreclose a mortgage, and therefore, provides no basis for federal

jurisdiction.[6] *See Jpmorgan Chase Bank v. Farah*, No. 16-3056, 2016 WL 8674607, at *3 (D.N.J. Dec. 16, 2016) ("This is an action to foreclose a mortgage—quintessentially a state law case.") To the extent that Defendant relies on federal causes of action asserted in his counterclaims as the basis for federal question jurisdiction, those arguments are misplaced. *See Dillard*, 88 F. Supp. 3d at 402 ("Nor can Defendants create federal jurisdiction by asserting federal defenses and/or counterclaims to Plaintiff's state law foreclosure Complaint."). Accordingly, because the face of Plaintiff's Complaint does not identify a federal question, this Court lacks federal question jurisdiction, irrespective of any federal counterclaim asserted by Defendant.

Second, the Court finds that Defendant has failed to satisfy his burden of establishing the existence of diversity jurisdiction under § 1332. Importantly, 28 U.S.C. § 1441(b)(2), commonly referred to as the "forum defendant" or "home state" rule, provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In other words, "the forum defendant rule precludes removal based on diversity where a defendant is a citizen of the forum state—the state in which the plaintiff originally filed the case." *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 642 (D.N.J. 2008). Here, even assuming that the Complaint

---

[6] Additionally, because Freddie Mac is not a party to this case, federal jurisdiction does not exist under 12 U.S.C. § 1452(f), which "provides for original district court jurisdiction over all civil actions to which Freddie Mac is a party 'without regard to amount or value' 'nowithstanding ... any other provision of law.'" *Delaware Cty., Pa. v. Fed. Hous. Fin. Agency*, 747 F.3d 215, 220 (3d Cir. 2014) (quoting 12 U.S.C. § 1452(f)); *cf. Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 154 (3d Cir. 1998) ("Freddie Mac then removed the case to federal court pursuant to 12 U.S.C. § 1452(f), which confers federal subject matter jurisdiction over any civil action to which Freddie Mac is a party.").

satisfies the amount in controversy and complete diversity requirements, there is no dispute that Plaintiff initially filed this action in New Jersey state court, and that Defendant is a citizen of New Jersey. *See* Compl. ¶ 6; Not. of Removal. Accordingly, removal on the basis of diversity jurisdiction is barred under § 1441(b)(2).

In his Notice of Removal, Defendant also argues that removal is proper under the Civil Rights Removal Statute, 28 U.S.C. § 1443(1). Section 1443(1) provides a limited exception to the general removal rule, permitting removal to federal court where the state court action is pending "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). The Third Circuit has emphasized that § 1443(1) removal is "a narrow exception to the rule that a state court action may be removed to a federal district court only if federal jurisdiction is evident on the face of the plaintiff's well-pleaded complaint." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997); *see Lott v. Duffy*, 579 F. App'x 87, 90 (3d Cir. 2014) ("Section 1443(1) applies only in rare cases.").

In *State of Georgia v. Rachel*, 384 U.S. 780 (1966), the Supreme Court articulated a two-pronged test that a defendant must satisfy to sustain removal under § 1443(1). *Id.* at 788. In that regard, the removing defendant must demonstrate both that: (1) he or she "is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) [he or she] is 'denied or cannot enforce that right in the courts' of the state." *Davis*, 107 F.3d at 1047 (quoting *Rachel*, 384 U.S. at 788). With respect to the first prong, the *Rachel* Court concluded that "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." 384 U.S. at 792; *see St. James Assocs. v. Larsen*, 67 F. App'x 684, 686 (3d Cir. 2003) ("The 'federal law' in the first

7

requirement must be a law that provides for specific civil rights stated in terms of racial equality."). Thus, "[w]here the party seeking removal asserts the violation of his constitutional rights phrased in terms of general rights applicable to all citizens, rather than provisions couched in the specific language of racial equality, there is no basis for removal of an action to federal court." *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 (3d Cir. 2016).

Additionally, under the second prong of the *Rachel* test, "removal is available where the state court defendant's federal civil rights would 'inevitably be denied by the very act' of being brought to trial in state court." *Davis*, 107 F.3d at 1050 (quoting *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966)). "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Rachel*, 384 U.S. at 799, 803). It is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings." *Id.* at 219-20.

In the instant matter, the Court finds that § 1443(1) does not provide a proper basis for removal. Importantly, in his Notice of Removal, Defendant failed to identify any New Jersey law that might preclude him from enforcing his federal rights, and he did not demonstrate that the New Jersey courts would not afford him the full protections of the law. *See Brown-Bey*, 637 F. App'x at 688-89 (finding that removal under § 1443(1) was improper, where the defendant "did not identify any provision of Pennsylvania statutory or constitutional law that would preclude the protection of his equal rights guaranteed by the United States Constitution, and he did not demonstrate that the Pennsylvania courts would not afford him the full protections of the law."). Rather, Defendant refers to a series of rulings by the state trial court, broadly alleging, in

8

a wholly conclusory manner, that those rulings demonstrate that the court discriminated against Defendant on account of his race.[7] However, Defendant's generalized allegations regarding a deprivation of his due process rights are insufficient to find that removal is proper under § 1443. *See Larsen*, 67 F. App'x at 686 (finding broad contentions that a defendant's due process rights were violated failed to "include the specific language of racial equality required by § 1443."). Additionally, the Notice of Removal does not include an allegation that Defendant cannot appeal the decisions of the state trial court to the New Jersey Appellate Division. In short, because Defendant has failed to demonstrate both that the foreclosure action involves issues of racial inequality, and that he will be unable to enforce his federal civil rights in state court, § 1443(1) removal is not proper in this case.

C. **Timeliness of Removal**

Plaintiff also argues that, even assuming that Defendant satisfied the jurisdictional requirements for removal, remand is proper because: (i) Defendant's removal was untimely under 28 U.S.C. § 1446(b); and (ii) Defendant failed to obtain consent to remove from his co-

---

[7] Notably, while the Notice of Removal alleges that Defendant's due process rights were violated, it is focused entirely on an alleged series of frauds committed on the underlying state court by various parties and non-parties, and does not specifically include any allegations pertaining to Defendant's race. *See* Not. of Removal, ¶¶ 10-11, 22-23. Rather, Defendant first raises an allegation of racial discrimination in his Opposition to Plaintiff's Motion to Remand, where he alleges that "[t]he state court judge discriminated against me based on my race, national religion, and religion." Def.'s Opp. to Mot. to Remand, 8. Specifically, Defendant maintains that the state court discriminated against him on the basis of his race or religion by, for example, denying Defendant's motion to dismiss, issuing an amended discovery order, and granting summary judgment against Defendant. *Id.* at 23-25. The Court need not decide the propriety of considering arguments pertaining to § 1443(1) that are excluded from a petition for removal, and raised for the first time in an opposition to a motion to remand, however, in light of the fact that, even under the allegations in Defendant's Opposition, § 1443(1) removal is not warranted in this case.

9

defendant in the underlying action, MERS, as required under 28 U.S.C. § 1446(b)(2)(A). I agree.

Section 1446(b) contains two operative provisions governing the timeliness of removal. First, § 1446(b)(1) provides, generally, that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). The purpose of the 30 day requirement "is to ensure that a defendant to a properly initiated lawsuit removes the case to federal court as soon as he can 'ascertain' a basis for federal jurisdiction from the pleadings, motion documents, orders, or 'other paper.'" *Fenza's Auto, Inc. v. Montagnaro's, Inc.*, No. 10-3336, 2011 U.S. Dist. LEXIS 29696, at *33 (D.N.J. Mar. 21, 2011). The second provision, § 1446(b)(3), is an exception to the general rule set forth in § 1446(b)(1). It provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1).[8]

---

[8] Section 1446(b)(3) removal is limited by § 1446(c), which provides that a case may not be removed under § 1446(b)(3) "on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(b)(3). Stated differently, under § 1446(c), a defendant seeking to remove a diversity case under § 1446(b)(3) must file its notice of removal within one year of the commencement of the state court action. *See SmithKline Beecham*, 769 F.3d at 210 ("In diversity cases, [§ 1446(b)(3)] has a fourth requirement: removal may not occur 'more than 1 year after the commencement of the action.'") (quoting 28 U.S.C. § 1446(c)). However, because diversity jurisdiction does not exist in this case, the Court need not examine whether removal was proper under 28 U.S.C. § 1446(c).

Here, it is clear that Defendant's Notice of Removal was untimely under § 1446(b)(1), because it was not filed within thirty days of Defendant's receipt of the Complaint. 28 U.S.C. § 1446(b)(1). Specifically, this foreclosure action was filed on May 12, 2016, and, while it is unclear from the record submitted to this Court when Defendant was served, at the latest, Defendant was served by July 27, 2016, when he filed his Answer. Nonetheless, Defendant failed to file his Notice of Removal until March 17, 2017, more than seven months after his Answer, and far exceeding the applicable thirty day limitation for removal set forth in § 1446(b)(1). Accordingly, Defendant's removal was untimely under § 1446(b)(1).

Moreover, Defendant's removal was also untimely under § 1446(b)(3), which provides that, where a case was not removable based on the original complaint, the thirty day period for removal may start to run "after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "Classically, this provision comes into play where, for example, the original complaint did not contain a federal claim, but an amended complaint does." *Farah*, 2016 WL 8674607 at *3. Here, because no amended pleading was ever filed in the underlying state court action, and the Court is unable to discern any motion, order, or other paper from which Defendant could have ascertained that this case became removable, § 1446(b)(3) is inapplicable to the instant case. While Defendant maintains that the case became removable as a result of a summary judgment order entered by the state court on March 3, 2017, striking Defendant's Answer and counterclaims, Defendant has not demonstrated, and the Court cannot find, that this case became removable as a result of the state court's summary judgment order. Additionally, even if this case became removable as result of the dismissal of certain fictitious parties originally named as defendants in the Complaint, Defendant still failed to timely

11

file his Notice of Removal, because the last such dismissal occurred by way of the state court's November 3, 2016 order, more than four months before Defendant filed the Notice of Removal.

The Court also finds that remand is warranted as a result of Defendant's failure to obtain the consent of his co-defendant, MERS, to remove this matter, as required under § 1446(b)(2)(A). Section 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In other words, in a multi-defendant case, § 1446(b)(2)(A) requires the removing defendant to demonstrate that all other defendants in the state court action join in, or consent to, the removal. *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition."). "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion." *Michaels v. State of N.J.*, 955 F. Supp. 315, 321 (D.N.J. 1996). "The requirement that all defendants must join in or consent to removal is more commonly referred to as the 'rule of unanimity.' Under the rule of unanimity, a failure of all defendants to join in the notice of removal creates a 'defect in the removal procedure within the meaning of § 1447(c).'" *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 516 (D.N.J. 2012) (quoting *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995)).[9]

---

[9] The Third Circuit has recognized limited exceptions to the rule of unanimity where: (1) the nonjoining defendant is an unknown or nominal party; (2) the nonjoining defendant was fraudulently joined; or (3) the nonjoining defendant had not been served at the time the notice of removal was filed. *See Balazik*, 44 F.3d at 213 n. 4.

Here, the Court finds that remand is also warranted under the rule of unanimity, because Defendant failed to obtain the consent of MERS, his co-defendant in the underlying action, to remove this case. To that end, Defendant's Notice of Removal is devoid of any representation that MERS consented to the removal of this matter, or that Defendant even sought to obtain such consent. Indeed, Defendant does not even address the issue of whether MERS consented to removal in his Opposition to Plaintiff's Motion to Remand. Moreover, Defendant has not invoked any of the exceptions excusing a removing defendant from compliance with the rule of unanimity. Therefore, because Defendant failed to obtain the consent of MERS to remove this matter, remand is warranted.

## II. Motion for Attorney's Fees and Costs

Finally, having found that remand is proper, the Court must address Plaintiff's argument that it is entitled to attorney's fees and costs. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court discussed the justifications underlying § 1447(c)'s fee shifting provision, observing:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id.* at 140. In order to give effect to those principles, the *Martin* Court stated that "the standard for awarding fees should turn on the reasonableness of the removal," *id.* at 133, and thus,

"[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Ultimately, however, "a district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996); *see Martin*, 546 U.S. at 141 ("When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c).").

Here, Plaintiff argues that Defendant's removal was objectively unreasonable, because Defendant removed this action more than ten months after the Complaint was filed, and only after summary judgment was granted against him. While Defendant did not have a basis for removal, the Court nonetheless finds that an award of attorney's fees and costs is not warranted in this case, in light of the fact that Defendant is proceeding *pro se*, and nothing in the record suggests that Defendant removed this case in bad faith. *See Oak Knoll Vill. Condo. Owners' Ass'n v. Jaye*, No. 15-5303, 2015 WL 4603715, at *2 (D.N.J. July 30, 2015) (declining to award fees against the defendant under § 1447(c), despite the fact that defendant's removal "was improper," because defendant was proceeding "*pro se*, and the court generally grants *pro se* litigants more latitude than it would an attorney admitted to practice before this court."); *Fed. Nat. Mortg. Ass'n v. Allen*, No. 13-483, 2013 WL 5146201, at *6 (W.D. Pa. Sept. 13, 2013) ("Although it appears that [the defendant] lacked an objectively reasonable basis for removing this action to federal court, she is proceeding pro se, and [the plaintiff] has not provided any argument or supporting documentation to show that [defendant] was aware of this standard. Thus, the Court finds that an award of costs and fees would not be proper . . . .").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED, and this case is hereby remanded to the Superior Court of New Jersey, Chancery Division, Monmouth Country for further proceedings. Plaintiff's Motion for Attorney's Fees and Costs is DENIED.

Dated: November 3, 2017 /s/ Freda L. Wolfson
Hon. Freda L. Wolfson
United States District Judge